**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re Ruth D. Kahn,

Debtor.

Bky. Case No. 99-42419

---

Richard J. Hettler,

Appellant,

v.

Thomas F. Miller, Trustee for the Bankruptcy Estate of Ruth D. Kahn,

Appellee.

Civ. No. 00-2337 RHK
**MEMORANDUM OPINION AND ORDER**

---

Richard J. Hettler, pro se, Hopkins, Minnesota, for Appellant.

---

## Introduction

Before the Court are Richard J. Hettler's Notice of Appeal and Motion for Leave to Appeal from two Orders of the United States Bankruptcy Court for the District of Minnesota. Hettler subsequently filed with this Court a brief and addendum, and a Motion for an Emergency Evidentiary Hearing. The Court has reviewed all of the documents submitted by Hettler and, for the reasons set forth below, will deny Hettler's Motion for Leave to Appeal, dismiss the appeal, and deny the motion for an emergency evidentiary hearing as moot.



FILED DEC 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 06 2000
DEPUTY CLERK

**Background**

The September 21, 2000 Orders at issue in Hettler's Motion for Leave to Appeal ultimately relate to an Order entered by the bankruptcy court on July 24, 2000 in the same proceeding ("the July 24 Order"). (See Bankr. Doc. No. 110.) The July 24 Order granted a motion brought by the Trustee for the approval of settlements reached in two adversary proceedings. Prior to the hearing on the Trustee's motion, the Trustee had previously provided a Notice of Settlements of Controversies. (Bankr. Doc. No. 105.) Hettler filed objections vis-a-vis the proposed settlement of the adversary proceeding captioned Premier Bank Metro South v. Ruth D. Kahn, et al., Adv. No. 99-4250 (NCD) ("the Premier Bank adversary proceeding").[1] The bankruptcy court noted Hettler's objections and overruled them. The July 24 Order authorized the Trustee to enter into the settlement agreement in the Premier Bank adversary proceeding.

---

[1] The Premier Bank adversary proceeding sought to adjudicate the adverse claims of numerous parties to certain promissory notes made by the Petters Company, Inc. and guaranteed by Thomas J. Petters. Among the defendants in the Premier Bank adversary proceeding was Hettler, who appeared in the matter and filed pleadings and various other documents with the court.

Premier Bank moved for summary judgment against Hettler, Capital Asset Management Group ("CAMG"), and the Amadeus Irrevocable Trust ("Amadeus"). Premier's motion was granted on the grounds that there was no genuine issue of material fact as between Richard Hettler, CAMG and/or Amadeus (on the one hand) and Premier Bank and/or any or all of the remaining defendants (on the other hand). The court determined that Hettler, CAMG, and Amadeus had no lien or interest in the Petters promissory notes. The bankruptcy court entered judgment in the Premier Bank adversary proceeding against Hettler, CAMG and Amadeus on July 24, 2000. Neither Hettler, CAMG, nor Amadeus appealed from that entry of judgment.

Four days after the entry of the July 24 Order, Hettler made a motion to the bankruptcy court to vacate that Order. (Bankr. Doc. No. 112.). The bankruptcy court had treated Hettler's motion as one brought pursuant to either Bankruptcy Rule 9023 (which provides that Federal Rule of Civil Procedure 59 applies to bankruptcy proceedings) or Bankruptcy Rule 9024 (which provides that Federal Rule of Civil Procedure 60 applies to bankruptcy proceedings). The bankruptcy court concluded that Hettler was not entitled to relief under either motion in that Hettler had merely reiterated arguments that previously had been heard and rejected by the court and had failed to present any new evidence or additional facts to justify reconsideration. (Bankr. Doc. No. 115.) On August 22, 2000, the bankruptcy court entered an order denying Hettler's Motion to Vacate.

On August 30, 2000, Hettler filed another motion, this time captioned as a Motion to Vacate the Court's Order of August 22, 2000. This motion invoked Federal Rule of Civil Procedure 60. On September 11, 2000, counsel for Helen Judd, one of the parties to the settlement of the Premier Bank adversary proceeding, filed a motion in the bankruptcy court seeking an order to compel the Trustee to comply with the bankruptcy court's July 24 Order and to distribute the funds as set forth in the settlement agreement. From the papers submitted to the bankruptcy court by counsel for Ms. Judd, it appears that the Trustee had refrained from distributing the funds in light of the second "Motion to Vacate" filed by Hettler.

By two Orders, each dated September 21, 2000, the bankruptcy court ruled on the

motions brought by Hettler and Ms. Judd. With respect to Hettler's motion, the bankruptcy court concluded that Hettler had merely reiterated the same arguments that the bankruptcy court had considered and rejected on several occasions; Hettler had presented no new facts or law to warrant vacating the July 24 Order. (Bankr. Doc. No. 125.) The bankruptcy court therefore denied Hettler's second "Motion to Vacate." The bankruptcy court granted Ms. Judd's motion and directed the Trustee to comply with the terms of the July 24 Order and distribute the funds pursuant to the settlement agreement. (Bankr. Doc. No. 126.) Within ten days of the September 21 Orders, Hettler filed his Notice of Appeal and a Motion for Leave to Appeal.

**Analysis**

Hettler has sought leave of this Court to appeal the bankruptcy court's September 21, 2000 Orders, apparently assuming that the September 21 Orders are interlocutory and that leave of the Court is required. Section 158(a) of Title 28 of the United States Code provides that:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of Title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C § 158(a). An interlocutory order does not finally determine a cause of action; it

only decides some intervening matter pertaining to the cause. See 1 Lawrence P. King (ed.), Collier on Bankruptcy ¶ 5.07[5] at 5-31 (15th ed. rev.). By contrast, an order entered in a bankruptcy is considered "final" when it conclusively resolves a distinct segment of the proceeding and nothing remains to be done except the ministerial task of executing the order. See Grovenburg v. Homestead Ins. Co., 183 F.3d 883, 885 (8th Cir. 1999); In re Kasden, 141 F.3d 1288, 1290 (8th Cir. 1998).

In his submissions to this Court, Hettler does not address why the September 21 Orders are "interlocutory." This Court will examine each of the orders to determine whether it properly may be characterized as "interlocutory." If an order that Hettler has timely appealed from is interlocutory, the Court must decide, in the exercise of its discretion under § 158(a)(3), whether to grant Hettler leave to proceed with an appeal.

**I. The September 21 Order Denying Hettler's Second "Motion to Vacate"**

It is evident from a review of the proceedings below, and Hettler's submissions to this Court, that Hettler actually takes issue with, inter alia, (1) the July 24 Order approving the settlement in the Premier Bank adversary proceeding, and (2) the judgment entered against him and two of his corporate entities in the Premier Bank adversary proceeding. None of the issues identified in the Statement of Issues that Hettler has filed in connection with his appeal (Bankr. Doc. No. 139) involves the narrow question of whether the bankruptcy court erred in denying Hettler's second "Motion to Vacate." All of the issues identified therein pertain to the merits of the bankruptcy court's decisions to

allow certain claims and approve the settlement of the Premier Bank adversary proceeding. The relief Hettler seeks requires undoing rulings made by the bankruptcy court on and before July 24, 2000. The order entered on July 24, 2000 and the judgment entered against him in the Premier Bank adversary proceeding, were "final orders, judgments and decrees" for purposes of 28 U.S.C. § 158(a)(1). Hettler did not, however, take a timely appeal from either the July 24 Order or the entry of judgment in the Premier Bank adversary proceeding.

Hettler instead filed a Motion to Vacate in the main bankruptcy proceeding, seeking to overturn both the July 24 Order and the entry of judgment against him and his corporate entities in the Premier Bank proceeding. That motion was made within ten days of the date on which the July 24 Order and the judgment were entered. Pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, governing the time for filing a notice of appeal, Hettler's first Motion to Vacate arguably tolled the running of the time to appeal with respect to the July 24 Order. See Fed. Bankr. R. 8002(b)(2), (3). Furthermore, an order denying a motion brought under Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure is also a final order, appealable as of right. Thus, within ten days after the entry of the August 22, 2000 Order, Hettler could have appealed both the July 24 Order and the August 22, 2000 Order to this Court.

Rather than appeal those orders, however, Hettler returned to the bankruptcy court and sought an order "vacating" the August 22, 2000 Order. This second "Motion to

Vacate" asked the bankruptcy court to revisit and reconsider its prior rulings. Hettler again attacked the settlement approved by the bankruptcy court on July 24, relying on the same arguments that had been presented in the first Motion to Vacate. The second "Motion to Vacate" is simply a successive, repetitive assertion of the first. When Hettler brought his second "Motion to Vacate," the bankruptcy court had already conclusively determined (after having provided Hettler an opportunity to be heard) whether to approve the Premier Bank settlement and whether any grounds existed for vacating that decision.

Whether a given order is interlocutory or final depends upon the circumstances of the case. See In re Dahlquist, 751 F.2d 295, 297 (8th Cir. 1985). Based on the foregoing, the Court concludes that the September 21, 2000 Order denying Hettler's consecutive and repetitive second "Motion to Vacate" is an interlocutory order. Accordingly, Hettler requires leave of the Court to take an appeal from that order. After reviewing all of the papers submitted to this Court by appellant, and the record made by appellant below, the Court determines that there is no significant controlling question of law presented by Hettler's appeal. Rather, Hettler's appeal would involve a factual inquiry into state and federal civil and criminal proceedings spanning over four years. The time for Hettler to have made a timely appeal for the consideration of such issues has past. Therefore, the Court will deny Hettler's Motion for Leave to Appeal from the September 21 Order denying the second "Motion to Vacate."

## II. The September 21 Order Granting Ms. Judd's Motion to Compel

Hettler also appeals from the bankruptcy court's order directing the Trustee to distribute moneys to certain creditors as described in the settlement of the Premier Bank adversary proceeding. At the time Ms. Judd brought her motion, the only task to be completed with respect to the settlement was the ministerial task of distributing the funds pursuant to the settlement agreement. The September 21 Order merely directed the Trustee to do what he was obligated to do by the July 24 Order. The September 21 Order is peripheral to the July 24 Order approving the settlement and disposing of the adversary proceeding. It is an interlocutory order.

In appealing from the September 21, 2000 Order, Hettler again attempts to reopen and challenge issues going to the validity of the bankruptcy court's July 24 Order. As discussed above, the time for Hettler to have filed a timely appeal regarding those issues has expired. Accordingly, the Court will deny Hettler's Motion for Leave to Appeal from the September 21, 2000 Order granting Ms. Judd's Motion to Compel.

## Conclusion

Based on the foregoing, and all of the files and records herein, **IT IS ORDERED**

1. Appellant Richard J. Hettler's Motion for Leave to Appeal is **DENIED**;
2. The above-captioned appeal is **DISMISSED WITH PREJUDICE**; and

3. Appellant Richard J. Hettler's Motion for an Emergency Evidentiary Hearing (Doc. No. 4) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 6, 2000

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: DEC 06 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995