UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re Ruth D. Kahn,

Debtor.

Bky. Case No. 99-42419

---

Richard J. Hettler,

Appellant,

v.

Thomas F. Miller, Trustee for the Bankruptcy Estate of Ruth D. Kahn,

Appellee.

Civ. No. 00-2337 RHK
**ORDER**

---

Richard J. Hettler, pro se, 3430 List Place, Suite 802, Minneapolis, Minnesota, for Appellant.

---

**Introduction**

Before the Court is Richard Hettler's Motion to Amend Court's Order of 6 December, 2000. Judgment was entered against Hettler on December 6, 2000. Hettler has brought the instant motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Hettler asks the Court to reverse its decision to deny him leave to appeal from two interlocutory orders of the United States Bankruptcy Court dated September 21, 2000. Hettler also points out that, on the day before the Court entered its December 6,



FILED DEC 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2000 Memorandum Opinion and Order, he had filed with the Court an "Emergency Motion to Compel and for Appointment of a Special Master" which was not expressly ruled on in the December 6, 2000 Memorandum Opinion and Order.

Rule 59(e) of the Federal Rules of Civil Procedure was adopted

> to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations and internal quotation marks omitted). In its December 6, 2000 Memorandum Opinion and Order, the Court concluded that Hettler's October 2, 2000 Notice of Appeal was in the nature of an appeal from interlocutory orders, not final orders. The Court held that filing a chain of consecutive motions to vacate in the Bankruptcy Court is not an appropriate mechanism for extending the time within which to appeal from a final Bankruptcy Court order.

Hettler's present motion confirms that he filed consecutive motions to vacate in the Bankruptcy Court in an effort to toll the time for appealing the Bankruptcy Court's July 24, 2000 Order approving (over Hettler's objection) the settlement of an adversary proceeding in which Hettler and several others had been parties. (Mot. to Amend Ct.'s Order ¶¶ 6, 9, 16.) Hettler has come forward with no authority to cause this Court to

conclude that its ruling regarding seriatim motions to vacate is manifestly erroneous. Factually, Hettler contends that he was unable to appeal from either the July 24, 2000 Order (approving the settlement of the adversary proceeding) or the August 22, 2000 Order (denying Hettler's motion to reconsider the July 24 Order) due to his incarceration, from which he was not released until Monday, August 28, 2000.[1] (Mot. to Amend Ct's Order ¶ 4.) The time for filing a notice of appeal from those orders expired on Friday, September 1, 2000. See Fed. Bankr. R. 8002(a) (requiring that notice of appeal be filed within ten days of the date of entry of the order appealed from) and 8002(b) (setting forth effect of filing certain motions on the time to appeal). Hettler could have made a written request for an extension of the time for filing a notice of appeal, provided that he filed the request before the time for filing a notice of appeal had expired or, in a case of excusable neglect, within twenty days after the expiration of the time for filing the notice of appeal. Fed. Bankr. R. 8002(c)(2). Instead, by Wednesday, August 30, 2000 -- two days after his release from jail -- Hettler had prepared and filed with the Bankruptcy Court fifty pages of material in support of a second successive motion to vacate, this time seeking reconsideration of the Court's August 22, 2000 Order. (Docket, Bankruptcy Court File No. 99-42419, Doc. No. 118.) That fifty-page submission was followed eight days later

---

[1] To the extent Hettler seeks, in his present motion, to challenge the validity of rulings made during the bankruptcy of debtor Ruth Kahn's corporation, INA Manufacturing Corporation (Bankruptcy Court File No. 99-30128), and various adversary proceedings connected to the above-captioned bankruptcy, the Court notes that it has no timely appeal before it from any ruling made in any of those proceedings.

by a twenty-one page "Supplemental Verified Motion." (Id., Doc. No. 119.) It thus appears that Hettler's incarceration did not materially prejudice his ability to prepare documents in connection with either an appeal or a request for an extension of time within which to appeal.

Based on the foregoing, and all of the files, records and proceedings herein, the Court concludes that in neither the Motion to Amend Court's Order nor the Emergency Motion to Compel has Hettler identified any factual or legal basis for amending the December 6, 2000 Memorandum Opinion and Order. Accordingly, **IT IS ORDERED THAT** (1) Hettler's Emergency Motion to Compel and for Appointment of a Special Master (Doc. No. 6) is **DENIED**; and (2) Hettler's Motion to Amend Court's Order of December 6, 2000 (Doc. No. 9) is **DENIED**.

Dated: December 27, 2000

RICHARD H. KYLE
United States District Judge